UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIMBERLY EDDY obo
SHELBY EDDY,

        Plaintiff,

v.                                                   Case No. 8:21-cv-2346-TPB-SPF

KILOLO KIJAKAZI,
Acting Commissioner of the Social
Security Administration,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court upon Plaintiff's Unopposed Motion for Award of Attorney's Fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. 21). On May 4, 2022, this Court entered an Order reversing and remanding the case to the Commissioner for further proceedings (Doc. 19). The Clerk then entered judgment in Plaintiff's favor (Doc. 20). As the prevailing party, Plaintiff now requests an award of attorney's fees in the amount of $1,602.00 (Doc. 20). *See* 28 U.S.C. § 2412(d)(1)(A); *cf. Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who wins a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party). Having considered the motion, Defendant's lack of objection, and the pertinent factors regarding an award of attorney's fees under the EAJA, the undersigned recommends that Plaintiff be awarded $1,602.00 in fees.

For Plaintiff to be awarded fees under the EAJA, the following five conditions must be established: (1) Plaintiff must file a timely application for attorney's fees; (2) Plaintiff's net worth must have been less than $2 million at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances which would make the award unjust. 28 U.S.C. § 2412(d); *Commissioner, INS v. Jean,* 496 U.S. 154, 158 (1990); *McCullough v. Astrue*, 565 F. Supp. 2d 1327, 1330 (M.D. Fla. 2008).

Here, Plaintiff has certified that Defendant has no objection to this motion (*see* Doc. 21 at 2).  Further, as Plaintiff contends, the United States' position was not substantially justified, and no special circumstances exist which would make an award of attorney's fees unjust in this instance.  *See* 28 U.S.C. § 2412(d)(1)(A).  Moreover, Defendant has not suggested any basis for determining that an award of attorney's fees would be unjust.  Therefore, Plaintiff's has established her entitlement to attorney's fees.

With respect to the amount of attorney's fees, EAJA fees are decided under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson,* 863 F.2d 759, 773 (11th Cir. 1988), *aff'd* 496 U.S. 154 (1990).  The resulting fee carries a strong presumption that it is the reasonable fee. *City of Burlington v. Dague,* 505 U.S. 557, 562 (1992).

By her motion, Plaintiff seeks an award of attorney's fees in the amount of $1,602.00. This amount is based on a total of 4.7 hours expended by her attorney Stephan J. Freeman in 2021 and 2022 at the hourly rate of $210.00 and a total of 8.2 hours expended by Mr. Freeman's paralegal in 2021 and 2022 at the hourly rate of $75.00 (Doc. 21). Based on the undersigned's own knowledge and experience and the lack of challenge by Defendant to the claimed hours or rates, the Court concludes that both the hourly rates and the number of hours requested are fair and reasonable. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (stating that "[t]he court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value") (quotation omitted). Therefore, the Court recommends that Plaintiff's motion be granted, and Plaintiff be awarded $1,602.00 in attorney's fees.[1]

Accordingly, it is hereby RECOMMENDED:

1. Plaintiff's Unopposed Motion for Award of Attorney's Fees (Doc. 21) be granted.
2. Plaintiff be awarded attorney's fees in the amount of $1,602.00.

---

[1] If Plaintiff has no discernable federal debt, the government will accept Plaintiff's assignment of EAJA fees (Doc. 21-1) and pay the fees directly to Plaintiff's counsel. *See Astrue v. Ratliff*, 560 U.S. 586, 597 (2010) (discussing the government's practice to make direct payment of fees to attorneys only in cases where "the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney").

3. The Clerk be directed to enter an amended judgment accordingly.

**IT IS SO REPORTED** in Tampa, Florida, on July 13, 2022.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.